The opinion of the conrt was delivered by
McEnbby, J.
Under the provisions of Act 80 of 1888 the Tax Collector of the Second, Third and Fifth Districts in the parish of *679 Orleans seized and advertised for sale certain immovable properties of the plaintiff and relator, described in his petition, for taxes due thereon, and which were assumed by him.
The plaintiff purchased the properties at tax sales made in pursuance of Act 82 of 1884. He enjoined the Tax Collector from proceeding with the sale of said property.
There was judgment dissolving the injunction withont damages, from which the plaintiff appealed.
There were several exceptions taken to the rulings of the District Judge in the admission of evidence. The objections in each case went only to its effect.
The reasons assigned for the writ of injunction are numerous. We will examine those that are serious:
1. The plaintiff alleges that the taxes, tax licenses, privileges and mortgages are prescribed by three and five years. There is no ground for the plea of prescription. The plaintiff assumed the taxes due on the property. They were a part of the purchase price. If any prescription attaches, is that of ten years.
2. Act 80 of 1888 is attacked as being in conflict with Article 210 of the Constitution. The reason for the unconstitutionality of the act is that the adjudication of property to the State is equivalent to its forfeiture, which is prohibited by said article.
The most conclusive answer to this proposition is the article itself. There is in the Constitution no prohibition on the State to purchase property, either at private, public or tax sale. The object of the Article 210 was to prevent the State from acquiring property for taxes by forfeiture. It changed the mode of enforcing the collection of taxes and provided for a direct seizure, without suit. The State is not prohibited from purchasing at tax sales in pursuance of said article.
• 8. It is urged by plaintiff that the adjudication to the State in pursuance of Act 96 of 1882, extinguished the taxes on said property by confusion, and that when the property was adjudicated to him under Act 82 of 1884, he acquired said property free from all taxes and tax incumbrances. 'Conceding that the taxes were extinguished by confusion when the State in the absence of bidders purchased the property.at the sale under Act 96 of 1882, no' reasons are urged, or can be urged, why the State, being the owner of the property, could not sell the same and fix the price and impose such conditions *680 on the sale as she deemed fit and proper. There is no restriction that can be placed upon the conditions which she may impose upon the sale of her property.
In Act 82 of 1884, the State fixed the price of the property which had been adjudicated to her under Act 96of 1882. The price fixed by said act for said property was the extinction, by cash payment, of State, city, parish and municipal taxes due prior to December 31, 1879, with interest, costs and charges, and the assumption of all unpaid taxes subsequent to the 31st of December, 1879. The plaintiff bid in the property and agreed to pay this price as fixed by said act. We fail to perceive in what manner the Act No. 80 of 1888 conflicts with the Constitution of the State.
4. The plaintiff alleges that the taxes are illegal, null and void, as they were not assessed in the name of the owner.
Section 52 of Act 77 of 1880 is still in force, never having been repealed by subsequent revenue acts. Under this act the assessments were unaffected by the alienation of the property. The plaintiff is estopped from contesting the validity of the assessments. He assumed the payment of the taxes in the name of the person to whom the property was assessed. He purchased under these assessments. . He can not claim to be owner of the property and repudiate the title under which he claims.
5. The plaintiff alleges that the seizure and advertisement under Act 80 of 1888 is illegal, null and void, on the grounds that said act does not apply to property adjudicated to the State and afterward sold in pursuance of Act 82 of 1884. Where the parties who purchased property under said act complied with their bid, it undoubtedly has no application to the property so purchased. They obtained an absolute and perfect title as against the State. Act 82 of 1884 required the Tax Collector to sell the property adjudicated to the State with the assumption on the part of the purchaser of the taxes due. subsequent to 1879. The price of the adjudication was the taxes paid to 1879 and the taxes due on the property thereafter. No other interpretation can be given to the act. The sale was to be made for cash. The object of the act was to remake the taxes due on the property. It was not the intention of the Legislature that there should be a credit sale for any portion of the price, as no time is stated in which the credit portion is to be paid, and there is no mode provided for the enforcement of its payment. The Tax Collector *681 had no authority to make an absolute deed to said property until the terms and conditions prescribed by Act 82 of 1884 had been complied with. The deeds to the plaintiff are only proceses verbal of the adjudication. No title passed to the plaintiff, or could do so until he paid the price of the adjudication. The title to the property therefore remained in the State, and the Act 80 of 1888 applies to all property adjudicated to the State which had not been disposed of or redeemed.
The plaintiff can only acquire title to the property adjudicated to him by complying with the terms and conditions of Act 82 of 1884.
The plaintiff enjoined the sale of property to which he had no. title. He knew that he had not complied with his bid. It was an attempt to get title to property without paying the price. We think this is a case in which damages should be assessed.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to allow 10 per cent, as special damages for attorneys1 fees, and in all other respects it be affirmed.
Breaux, J., not having heard the argument, and the case having been submitted before he became judge, takes no part in this decision.